[No. 15853. Department Two. July 7, 1920.]

## CHRIST LUCOPOULOS, *Appellant*, v. CHRIST SOTRIOPOULOS *et al.*, *Respondents*.[1]

PARTNERSHIP (6, 87)—EXECUTORY CONTRACTS—ACTION FOR ACCOUNTING. An action for an accounting for partnership profits must fail where there was merely an agreement to form a partnership which was never consumated because of the fault of one party or the other.

SPECIFIC PERFORMANCE (11-25)—CONTRACTS ENFORCEABLE—TO FORM PARTNERSHIP. Specific performance of a contract to form a partnership will not be decreed, except under special circumstances.

Appeal from a judgment of the superior court for King county, Wright, J., entered October 10, 1919, in favor of the defendants, in an action to enforce a partnership agreement and for an accounting, tried to the court. Affirmed.

*Walter B. Allen*, for appellant.
*Philip Tworoger*, for respondents.

FULLERTON, J.—In August, 1918, the respondents, as partners, owned and operated a restaurant in the city of Seattle, known as the Stadium Cafe. On the 27th day of that month, they entered into a contract with the appellant by which they agreed to sell him a one-fifth interest in the business for four hundred dollars and take him in as a partner. The business was then

[1]Reported in 191 Pac. 149.

being conducted on leased premises under a month to month tenancy. The respondents were negotiating for a term lease, and it was a part of the agreement of purchase that it would not be consummated unless a term lease was obtained. Such a lease was afterwards obtained, and the appellant informed of the fact. As to the subsequent happenings, the evidence is in direct conflict. The appellant testifies that, after he obtained knowledge of the execution of the term lease, he tendered to the respondents the purchase price and that they, after various excuses and subterfuges, finally refused to carry out the agreement. It is the respondents' version that, after the appellant had been informed that the agreement was ready for consummation, he was unable to procure the purchase price, and sought to have them execute the agreement on his paying a part of the purchase price in money and giving his notes payable at future times for the remainder; that they refused to accede to this change in the agreement, and that, after repeated demands on the appellant to comply with the agreement as originally entered into and his failure to comply, they declared the deal off and refused to negotiate with him further.

In this suit the appellant seeks a decree of the court decreeing him to be a partner in the business and entitled to a one-fifth interest therein; decreeing further that an account be had of the partnership effects, that a receiver be appointed to take charge of the partnership business and property and sell the same, and that the proceeds of the sale be divided between the parties as their respective interests may appear.

The trial court held that the evidence was insufficient to establish a partnership relation and that the appellant was not entitled to the relief sought. With this holding we agree. Plainly, the contract between the parties did not in itself create the partnership relation,

but was an agreement to enter into a partnership relation at a future date. It is also plain that this agreement was never carried into effect. Whichsoever party was at fault, therefore, the relief sought cannot be granted, since the courts, except under certain special circumstances not present here, will not decree a specific performance of an agreement to enter into a partnership, but will relegate the injured party to the remedy of damages. But we think the evidence justifies the conclusion that the breach of the contract was on the part of the appellant rather than on the part of the respondents. Such being the case, the appellant is not entitled to relief in any form, and the trial court did not err in so holding.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.